## IN THE MATTER OF ALFRED H. NELSON,
PETITIONER.

CRIMINAL LAW.—COMMITMENT.—U. S. MARSHAL.—Under the laws of congress and of the territorial legislature, the United States marshal of Utah Territory can hold in his custody a prisoner held to answer to the grand jury for a crime under the laws of the Territory, and in default of bail, said marshal can confine such prisoner in the Utah penitentiary.

ID.—PEACE OFFICER.—U. S. MARSHAL.—*Semble* that when the United States marshal is acting under the order of a committing magistrate, committing to his custody a prisoner held to answer on a charge of an offense under the laws of Utah Territory, he is acting as a "peace officer."

ORIGINAL APPLICATION in the supreme court for a writ of *habeas corpus*. The following are the facts:

The petitioner alleged that he was unlawfully confined in this: that on August 26, 1893, and on August 29, 1893, respectively, the petitioner in Weber county, before a United States commissioner at Ogden, was held to answer to the grand jury of the fourth judicial district of Utah Territory, to sit at the city of Ogden, upon a charge of embezzlement in each case, and was admitted to bail in the first case in the sum of four thousand dollars, and in the second case in the sum of one thousand dollars, and was in each case committed to the custody of Nat M. Brigham, United States marshal of Utah Territory, instead of the sheriff of Weber county, and that petitioner in default of bail was being confined by said marshal in the Utah penitentiary, instead of by the sheriff of Weber county in the county jail of that county.

A demurrer was interposed to the petition and the cause was argued wholly upon the statutes. Those cited were as follows: Sec. 6 of Poland bill (in force June 24, 1874), giving to United States commissioners the same authority as examining and committing magistrates, in all cases

arising under the laws of Utah Territory as is now possessed by justices of the peace in said Territory.

Sec. 118, 1 Comp. Laws of 1888, 281, making it the duty of sheriffs to execute any and all process out of any of the courts in the Territory.

Sec. 1876, Revised Stat. U. S., making the United States marshal the executive officer of the courts of the Territory, when exercising the powers of district and circuit courts of the United States.

Sec. 1 of the Poland bill, making it the duty of the United States marshal of Utah to execute all process and orders out of the supreme and district courts of that Territory. Sec. 8 of Edmunds-Tucker law in force March 3, 1887, giving to the marshal of Utah Territory and his deputies all the powers possessed and exercised by sheriffs, constables and their deputies as peace officers.

Sec. 1895, Revised Statutes of United States, providing for the imprisonment of persons (convicted by a competent territorial court and sentenced to imprisonment) in Utah penitentiary at the cost of said Territory.

Sec. 4889, 2 Comp. Laws of 1888, 678, in regard , to examination of prisoners before committing magistrates, provides: " If the offense is bailable and the defendant is admitted to bail, but bail has not been taken, the following words must be added to the order [of commitment] " and that he is admitted to bail in the sum of — dollars and is committed to the sheriff of the county of — until he gives such bail or is legally discharged."

*Mr. O. R. Leonard,* for the petitioner.

*Mr. John W. Judd,* United States Attorney, for the government.

PER CURIAM: The petition for the writ of *habeas corpus* is denied.

ZANE, C. J., SMITH, J., MINER, J., and BARTCH, J., concurred.